UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Good, #166898, | ) C/A No. 3:05-2068-HFF-JRM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| State of South Carolina, | ) |
| | ) |
| Respondent. | ) |

Petitioner has filed this matter pursuant to 28 U.S.C. § 2254. He seeks to attack a 1990 conviction for two counts of murder, two counts of armed robbery, grand larceny of a motor vehicle, and criminal conspiracy. He has previously filed a Section 2254 petition in this Court pertaining to the same conviction and sentence. *See* Good v. State of South Carolina, *et. al.*, Civil Action No. 3:98-513-12BC (D.S.C. 1998)(attached hereto and incorporated herein for reference). This court may take judicial notice of Civil Action No. 3:98-513-12BC. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys,

Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

As noted above, the petitioner has filed a prior § 2254 habeas corpus action in this court. Summary judgment for the respondents was granted in the petitioner's prior § 2254 case. As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9(b) of the Section 2254 Rules. Miller v. Bordenkircher, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also* McClesky v. Zant, 499 U.S. 467, 113 L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; Bennett v. Angelone, ___ F.3d ___, 1996 WESTLAW® 469705 (4th Cir., August 20, 1996); and Armstead v. Parke, 930 F. Supp. 1285 (N.D.Ind. 1996).

Furthermore, there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court

for the District of South Carolina, he *must* seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[*]

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9(b) of the Section 2254 Rules, *without requiring the respondents to file a return*. *See* <u>Allen v. Perini,</u> 424 F.2d 134, 141 (6th

---

[*]*See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

(B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. —Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

"(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

"(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
"(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

"(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
"(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

"(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

"(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

"(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

"(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); <u>Baker v. Marshall</u>, 1995 U.S.Dist. LEXIS® 4614, *2-*3 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

                              Respectfully submitted,

                              s/Joseph R. McCrorey
                              United States Magistrate Judge

August 2, 2005
Columbia, South Carolina

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>**
**<u>&</u>**
**<u>The Serious Consequences of a Failure to Do So</u>**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
